IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>OGUZHAN AYDIN | CRIMINAL CASE NO.<br><br>1:12-CR-221-2-ODE-AJB |

ORDER

This criminal case is before the Court on the objections [Doc. 51] of Defendant Oguzhan Aydin ("Defendant" or "Aydin") to the Final Report and Recommendation ("R&R") of United States Magistrate Judge Alan J. Baverman [Doc. 49]. For the following reasons, Defendant's objections [Doc. 51] are OVERRULED and the R&R [Doc. 49] is ADOPTED IN FULL.

I. **Background**

On July 10, 2012, a grand jury returned a seven-count indictment against Defendant Aydin and others. The charges against Aydin are as follows:

Count One of the indictment charges that from September 1, 2009 to August 1, 2010, Aydin and co-defendants Saeid Kamyari ("Kamyari"), AGM Ltd. Co. ("AGM"), and Blue Sky Aviation ("Blue Sky") conspired in violation of 18 U.S.C. § 371 to knowingly and willfully export and to cause to be exported from the United States to the Islamic Republic of Iran ("Iran") certain United States defense articles, in violation of certain Executive Orders issued pursuant to the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701-06; and to knowingly and willfully export and to cause to be exported from the United States to Iran microcircuits and other aircraft parts without first having

obtained from the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC") a license for such export or written authorization for such export, in violation of the IEEPA, 50 U.S.C. § 1705 and 31 C.F.R. §§ 560.203 and 560.204 [Doc. 39 at 1-17 ¶¶ 1-18].

Count Two charges that from November 6, 2009 until August 1, 2010, Aydin and co-defendants Kamyari and Blue Sky did "knowingly and willfully attempt to export and attempt to cause the export of defense articles, namely certain parts designed for the F-14 fighter jet" to Iran through the Republic of Turkey ("Turkey") without first having obtained the required license and authorization from the U.S. State Department, in violation of 22 U.S.C. § 2778 and 18 U.S.C. § 2 [Id. at 17-18].

Count Three charges that from November 6, 2009 until August 1, 2010, Aydin, Kamyari, and Blue Sky, aided and abetted by each other, conspired to export and to cause to be exported from the United States to Iran, through Turkey, F-14 fighter jet parts without first having obtained the required license and authorization from the U.S. Department of the Treasury's OFAC, in violation of 50 U.S.C. § 1705, in connection with 31 C.F.R. §§ 560.203 and 560.204 and 18 U.S.C. § 2 [Id. at 18-19].

Count Four charges that from May 28, 2010 until August 1, 2010, Aydin and Blue Sky did knowingly and willfully "attempt to export and attempt to cause to be exported" from the United States to Iran, through Turkey, aircraft parts, without first having obtained the required license and authorization from the U.S. Department of the Treasury's OFAC, in violation of 50 U.S.C.

§ 1705, in connection with 31 C.F.R. §§ 560.203 and 560.204 and 18 U.S.C. § 2 [Id. at 19].

Count Five charges that on November 6, 2009, Kamyari transferred funds from outside the United States to Atlanta, Georgia, with the intent to promote the carrying on of a violation of the IEEPA, 50 U.S.C. § 1705, and the Arms Export Control Act, 22 U.S.C. § 2778, in violation of 18 U.S.C. § 1956(a)(2)(A) [Id. at 19-20].

Lastly, Counts Six and Seven charge that on April 30, 2010 and June 16, 2010, respectively, Kamyari, Aydin, and Blue Sky transferred funds from outside the United States to Atlanta, Georgia, with the intent to promote the carrying on of a violation of the IEEPA, 50 U.S.C. § 1705, and the Arms Export Control Act, 22 U.S.C. § 2778, in violation of 18 U.S.C. § 1956(a)(2)(A) [Id. at 19-21].

Aydin moved to dismiss the indictment, [Docs. 34, 40], arguing that several counts of the indictment were improper. Specifically, Aydin argued that: (1) Counts Two and Four fail to charge a crime because attempting to cause the exportation of a defense article without a license does not violate federal law; (2) Counts One and Three of the indictment are multiplicitous because both charge a conspiracy based on the same transaction; (3) Count Three does not charge a crime because 31 C.F.R. § 560.203(b) does not set out the offense of conspiracy; (4) Count Three is duplicitous because it charges Aydin with both conspiracy and aiding and abetting; and (5) Counts Six and Seven fail to state an offense because conduct prohibited under 50 U.S.C. § 1705

is not listed as a "specified unlawful activity" under 18 U.S.C. § 1956(c)(7).

In a Final R&R entered on January 20, 2015, Judge Baverman agreed with Aydin that the "attempt to cause" language in Counts Two and Four does not charge a crime and therefore recommended that that portion of Counts Two and Four be dismissed. The R&R recommended, however, that the remainder of Aydin's motion to dismiss be denied. Specifically, the R&R concluded that: (1) Counts One and Three are not multiplicitous because 18 U.S.C. § 371 requires the Government to prove an overt act in furtherance of the conspiracy, while 50 U.S.C. § 1705 does not; (2) Count Three properly charges an offense under 50 U.S.C. § 1705; (3) Count Three is not duplicitous because aiding and abetting is not a separate substantive offense; and (4) Counts Six and Seven charge an offense because 50 U.S.C. § 1705 is referenced as a specified unlawful activity under 18 U.S.C. § 1956(c)(7)(D).

The R&R further concluded that all matters before Judge Baverman had been ruled upon and therefore certified that the action as to Aydin is ready for trial.[1]  By direction of the Court, the case has been set for trial on Monday, March 23, 2015.

On January 30, 2015, Defendant filed objections to the R&R [Doc. 51]. The Government has not responded to Aydin's objections and has filed no objections of its own.

---

[1] Defendant had also moved to strike surplusage [Doc. 41]. Judge Baverman, noting that the motion to strike was non-dispositive, denied the motion in an Order accompanying the R&R.

4

## II. Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1), the Court must conduct a de novo review of those portions of the R&R to which Defendant objects. The Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 673-74 (1980). However, for a party's objections to warrant de novo review, he "must clearly advise the district court and pinpoint the specific findings that [he] disagrees with." United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009). The remainder of the R&R, to which neither party offers specific objections, will be assessed for clear error only. See Tauber v. Barnhart, 438 F. Supp. 2d 1366, 1373 (N.D. Ga. 2006) (Story, J.).

## III. Discussion

Aydin's objections in large part reiterate the arguments forwarded in his motion to dismiss. Thus, Aydin maintains that: (1) Counts One and Three are multiplicitous because each Count charges a conspiracy based on the same transaction; (2) Count Three fails to charge an offense because 31 C.F.R. § 560.203(b) does not contain the offense of conspiracy; (3) Count Three is duplicitous because it charges Aydin with conspiracy and aiding and abetting; and (4) Counts Six and Seven fail to charge an offense because 50 U.S.C. § 1705 is not listed as a specified unlawful activity under 18 U.S.C. § 1956(c)(7).

### A. Counts One and Three Are Not Multiplicitous

Defendant first objects to the conclusion in the R&R that Counts One and Three are not multiplicitous. He contends that the indictment improperly charges the same conspiracy in two counts.

"An indictment is multiplicitous if it charges a single offense in more than one count." United States v. Williams, 527 F.3d 1235, 1241 (11th Cir. 2008) (citation omitted). Such an indictment "violates the principles of double jeopardy because it gives the jury numerous opportunities to convict the defendant for the same offense." Id. "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932). The United States Court of Appeals for the Eleventh Circuit, therefore, has held that two counts are not multiplicitous where they differ by a single element or alleged fact. United States v. Costa, 947 F.2d 919, 926 (11th Cir. 1991).

Here, Count One charges a conspiracy under 18 U.S.C. § 371, which Defendant notes is the general federal conspiracy statute. Under § 371, the Government must prove: (1) the existence of an agreement to achieve an unlawful objective; (2) the defendant's knowing and voluntary participation in the agreement; and (3) the commission of an act in furtherance of the agreement. United States v. Adkinson, 158 F.3d 1147, 1153 (11th Cir. 1998).

Count Three, by contrast, alleges a conspiracy "in violation of [50 U.S.C. § 1705], in connection with [31 C.F.R. §§ 560.203 and 560.204]" [Doc. 39 ¶ 22]. Although Defendant reads the charge to allege a conspiracy under § 560.203, it is clear to the Court that the charge is brought under § 1705. Section 1705, moreover, provides that "[i]t shall be unlawful for a person to . . .

conspire to violate . . . any license, order, regulation, or prohibition issued under this chapter." 50 U.S.C. § 1705(a).

Counts One and Three are not multiplicitous because § 371 and § 1705 differ with respect to the overt act requirement. The common law understanding of conspiracy does not require an overt act, and Congress may choose to include or omit such a requirement in enacting conspiracy statutes. Whitfield v. United States, 543 U.S. 209, 213-14 (2005). Where the text of the statute includes an overt act, the Government must prove an overt act. Where the statute "omits any express overt-act requirement, it dispenses with such a requirement." Id. at 214 (internal quotation marks and citation omitted). Regarding the statutes at issue here, it is clear that a § 371 conspiracy requires an overt act in furtherance of the conspiracy, and the Government must prove an overt act to obtain a conviction. Section 1705, by contrast, does not expressly require the Government to prove an overt act and therefore relieves the Government of that burden. Because § 371 and § 1705 differ by this single element, Counts One and Three are not multiplicitous. Thus, Defendant's objection is overruled.[2]

B. Count Three Charges an Offense

Defendant objects to the R&R's conclusion that Count Three charges an offense. He argues that 31 C.F.R. § 560.203--cited in Count Three--does not contain the offense of conspiracy and that

---

[2]Defendant argues that because § 1705 does not set out the specific elements of a conspiracy, the statute should be read in conjunction with § 371. This argument, however, is precluded by Whitfield, in which the Court held that § 1956 and similar conspiracy provisions in other statutes were not to be construed under § 371. 543 U.S. at 214-15.

7

the indictment does not specify which penalty under 31 C.F.R. § 560.701 he may be subject to. This argument is without merit because, as noted above in Part III.A., Count Three clearly alleges a conspiracy in violation of § 1705 with supporting citations referencing the regulations under the IEEPA. Furthermore, the penalty for conspiracy in violation of § 1705(a) is clearly set out in § 1705(c). Thus, Defendant's objection is overruled.

### C. Count Three is Not Duplicitous

Defendant objects to the R&R's conclusion that Count Three is not duplicitous. Count Three states that Aydin and his co-defendants:

> **aided and abetted** by each other, did knowingly and willfully **conspire** to export and to cause to be exported from the United States to [Iran] through [Turkey] certain goods, namely F-14 fighter jet parts, . . . in violation of [50 U.S.C. § 1705].

[Doc. 39 ¶ 22 (emphasis added)]. Defendant maintains that aiding and abetting and conspiracy are different charges that ought to be pleaded in separate counts.

"A count in an indictment is duplicitous if it charges two or more separate and distinct offenses." United States v. Schlei, 122 F.3d 944, 977 (11th Cir. 1997) (internal quotation marks and citation omitted). Several dangers arise when multiple offenses are pleaded in a single count: "(1) A jury may convict a defendant without unanimously agreeing on the same offense; (2) A defendant may be prejudiced in a subsequent double jeopardy defense; and (3) A court may have difficulty determining the admissibility of evidence." Id. (internal quotation marks and citation omitted). In considering whether a count is duplicitous, the court must

determine "what conduct constitutes a single offense," id., and whether, based on the face of the indictment, the count can be read to charge more than one offense, United States v. Sharpe, 193 F.3d 852, 866 (5th Cir. 1999).

Here, Count Three does not charge separate offenses for aiding and abetting and for conspiracy. Aiding and abetting under 18 U.S.C. § 2 is not a separate crime, but rather is a means of establishing a defendant's liability as a principal. United States v. Stitzer, 785 F.2d 1506, 1519 n.7 (11th Cir. 1986). Indeed, "[o]ne indicted as a principal may be convicted on proof beyond a reasonable doubt that he aided and abetted." United States v. Megna, 450 F.2d 511, 512 (5th Cir. 1971) (citation omitted).[3] Thus, Count Three should be read to allege that Defendant engaged in a conspiracy because he aided and abetted the conspiracy. A count in an indictment is not duplicitous where it states alternative means of establishing liability, Baumann v. United States, 692 F.2d 565, 571-72 (9th Cir. 1982), and Count Three's allegation that Defendant aided and abetted a § 1705 conspiracy therefore is not duplicitous. Thus, Defendant's objection is overruled.

D.   Counts Six and Seven Charge an Offense

Defendant objects to the R&R's conclusion that Counts Six and Seven of the indictment charge valid offenses for money laundering based on alleged violations of 50 U.S.C. § 1705. He maintains

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding all decisions of the former Fifth Circuit issued on or before September 30, 1981.

9

that a violation of § 1705 cannot support a money laundering charge because § 1705 is not a "specified unlawful activity" listed under 18 U.S.C. § 1956.

As the R&R noted, Defendant's argument has no merit. As defined in § 1956(c)(7)(D), the term "specified unlawful activity" includes violations of "section 206 (relating to penalties) of the [IEEPA]." Section 206 is codified at 50 U.S.C. § 1705. The Government therefore has properly pleaded the money laundering counts of the indictment, and Defendant's objection is overruled.

F.  Discovery

As a final matter, Defendant does not object to the R&R as to Counts Two and Four, but nevertheless argues that he is not ready for trial. Specifically, Defendant asserts that discovery is not yet complete because he expects the Government "to supply native documents in place of the nearly 70,000 TIFF files" [Doc. 51 at 1]. Because the TIFF files are not searchable, he contends that review of such files is nearly impossible [Id.].

The Court declines to consider Defendant's contention at this time. To the extent Defendant requires additional time to review the documents, he must request a continuance in a separate motion.

IV.  **Conclusion**

For the foregoing reasons, Defendant's objections [Doc. 51] are OVERRULED. Having reviewed the remainder of the R&R to which Defendant did not specifically object and finding no clear error, the Court ADOPTS the R&R [Doc. 49] IN FULL. Accordingly, Defendant's motion to dismiss [Docs. 34, 40] is GRANTED IN PART and DENIED IN PART, and the Clerk is DIRECTED to DISMISS the

allegations in Counts Two and Four that Defendant did "attempt to cause" a violation.

    SO ORDERED this __3__ day of March, 2015.

                                          _____
                                          ORINDA D. EVANS
                                          UNITED STATES DISTRICT JUDGE